## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| ROBERT NELL,<br><br>               Plaintiff,<br><br>    vs.<br><br>AUTO OWNERS INSURANCE<br>COMPANY,<br><br>               Defendants. | **CV-23-41-BU-BMM**<br><br><br><br>**ORDER** |

## BACKGROUND

Auto Owners Insurance Company ("Auto Owners") is incorporated in Delaware and has its principal place of business in Michigan. *See* (Doc. 3.) Auto Owners claims it does not write insurance policies in Montana. *See* (Doc. 4 at 5.) Robert Nell ("Nell") is a resident of Montana. (Doc. 7 at 1.)

A semi-truck trailer insured by Auto Owners collided with Nell's vehicle on November 17, 2018. (Doc. 21 at 1.) Nell made a claim with Auto Owners for personal injuries and property damage resulting from the collision. (Doc. 7 at 3.) Auto Owners admits its insured's liability for the accident. (Doc. 21 at 1.)

Nell also made a claim with his own insurer, Allstate Insurance Company, which Nell states paid for some of his property damage. (Doc. 7 at 3, 4.) Nell

alleges that Auto Owners refused to make unconditional payments toward his property damage, loss of use, or attorney's fees in violation of his right under Montana law to be made whole. (Doc. 7 at 5, 3.) Nell also alleges undue delay in the advance payment of medical expenses and wage loss as well as bad faith in negotiation. (Doc. 7 at 6.) Nell brings this action against Auto Owners for violation of Montana's Unfair Trade Practices Act. (Doc. 7 at 7.) The claims "relate solely to [Auto Owners's] conduct in adjusting the claim in Montana." (Doc. 14 at 4.)

Nell did not include any allegation as to Frontier Adjusters, Hall & Evans, or any local Montana agent of Auto Owners in Nell's State Court Amended Compliant ("First Complaint"), docketed as Doc. 7. Nell now alleges, in his Response to Motion to Dismiss or in the Alternative Brief in Support of Motion to Amend Complaint ("Amended Complaint"), (Doc. 14), that Auto Owners employed Frontier Adjusters, of Bozeman, Montana, to investigate and adjust the claim. (Doc. 14 at 6-8.) Nell also alleges that Auto Owners later employed Hall & Evans, of Billings, Montana, to adjust the claim. (Doc. 14 at 7-8.) Auto Owners moves to dismiss Nell's First Complaint for lack of personal jurisdiction pursuant F.R.C.P. 12(b)(2). (Doc. 3.)

## LEGAL STANDARD

A court must possess personal jurisdiction over all parties in a case. *See* Fed. R. Civ. Pro. 12(b)(2). A plaintiff's "uncontroverted allegations must be taken as

true" for purposes of a Rule 12 challenge based on written materials such as this one. *Delphix Corp. v. Embarcadero Techs., Inc.*, 749 F. App'x 502, 504 (9th Cir. 2018).

Montana substantive law, to the extent it does not conflict with constitutional due process, applies in this diversity action to determine personal jurisdiction. *Metropolitan Life Ins. Co. v. Neaves, 912 F.2d 1062, 1065 (9th Cir. 1990).* Personal jurisdiction exists over a party under Montana law only if (1) Montana's long-arm statute confers personal jurisdiction and (2) the exercise of personal jurisdiction conforms with "the traditional notions of fair play and substantial justice embodied in the due process clause" of the Fourteenth Amendment to the United States Constitution. *Milky Whey, Inc. v. Dairy Partners*, LLC, 2015 MT 18, ¶ 18, 378 Mont. 75, 80, 342 P.3d 13, 17 (quoting *Cimmaron Corp. v. Smith*, 2003 MT 73, ¶ 10, 315 Mont. 1, 67 P.3d 258).

Montana's long-arm statute provides as follows:

> All persons found within the state of Montana are subject to the jurisdiction of Montana courts. Additionally, any person is subject to the jurisdiction of Montana courts as to any claim for relief arising from the doing personally, or through an employee or agent, of any of the following acts:
> (A) the transaction of any business within Montana;
> (B) the commission of any act resulting in accrual within Montana of a tort action;
> [. . . or]
> (E) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person[.]

Montana Rule of Civil Procedure 4(b)(1).

**DISCUSSION**

## I.     Montana's Long-Arm Statute

Montana Rule of Civil Procedure 4(b)(1) provides for general personal jurisdiction and for specific personal jurisdiction over litigants. The parties in this case agree that the Court lacks general personal jurisdiction over Auto Owners. (Doc. 14 at 4.) Nell contends that specific personal jurisdiction exists as to Auto Owners in this action under M.R. Civ. P., Rule 4(b)(1)(A), (B), and (E). (Doc. 14 at 4.)

M.R. Civ. P., Rule 4(b)(1)(B) provides for specific personal jurisdiction over persons for claims arising out of their "commission of any act resulting in accrual within Montana of a tort action." The accrual of the tort, if within Montana, acts as the linchpin for purposes of finding jurisdiction under Rule 4(b)(1)(B). *See Tackett v. Duncan*, 2014 MT 253, ¶ 31, 376 Mont. 348, 358, 334 P.3d 920, 928. The facts as alleged by Nell show that such a linchpin exists in this case. The Court possesses statutory specific personal jurisdiction over Auto Owners in this matter pursuant M.R. Civ. P., Rule 4(b)(1)(B).

In *Johns v. Illinois Farmers Ins. Co.*, No. 21-35488, 2022 WL 796178 (9th Cir. Mar. 15, 2022), Minnesota plaintiffs sued the plaintiffs' Illinois insurance company in Montana, where the crash occurred, although plaintiffs and plaintiffs'

insurer entered the underlying insurance policy in Minnesota. The court in *Johns* found a Montana federal district court sitting in diversity lacked personal jurisdiction over a foreign insurer despite the insurer's maintenance of a claims office and employment of a claims adjuster in Montana. The *Johns* court described the "key facts" leading to the finding of no personal jurisdiction as follows: "the *plaintiffs bought insurance policies from [an] insurer[]* that did no business in Montana and sought to insure [a] vehicle[] that [was] not located in Montana at the time of contracting." *Johns* at *1 (emphasis added). Critically, the *Johns* plaintiffs' claim "relate[d] to *[their] coverage* and ha[d] nothing to do with the fact that the accident at issue occurred in Montana." *Johns* at *1 (emphasis added).

*Johns*, which by its own terms does not act as precedent (*Johns* at n.**), does not control the facts before the Court. Nell never bought insurance from Auto Owners or did any business with Auto Owners before the crash. Nell's claim does not arise from any coverage that Nell obtained from Auto Owners. Nell's UTPA claim arises instead from alleged defects in claims handling in Montana by a third party's insurer allegedly retained by Auto Owners after a third party's accident with Nell in Montana.

Nell alleges that Auto Owners employed Frontier Adjusters and Hall & Evans as agents to carry out post-accident activities such as claims adjustment. (Doc. 13-1 at 3.) Nell further alleges that "[Auto Owners'] conduct and *that of its*

*Montana agents in Montana* resulted in the accrual of [. . .] statutory tort claims under [Montana's] UTPA" when Auto Owners, itself or through its agents, misrepresented facts, refused to pay claims without conducting the requisite investigation, dealt with Nell's claim in a dilatory way, and failed to attempt a settlement of Nell's claim in good faith. (Doc. 31-1 at 8-10) (emphasis added).

A tort accrues, for purposes of M.R. Civ. P., Rule 4(b)(1)(B), "where the events giving rise to the tort claims occurred." *Tackett* at 928. *Tackett, id.,* collects examples of events occurring, and thus torts accruing, outside of Montana:

> In *Bi–Lo* [*Foods, Inc. v. Alpine Bank*, 1998 MT 40, 287 Mont. 367, 955 P.2d 154], [the foreign defendant's] alleged mishandling of [the Montana plaintiff's] check took place in Colorado. In *Bird* [*v. Hiller*, 270 Mont. 467, 892 P.2d 931 (1995)], [the foreign defendant's] alleged fraud, deceit, and conversion arose from actions that [the foreign defendant] took in Idaho. In *Threlkeld* [*v. Colo.*, 2000 MT 369, ¶ 10, 303 Mont. 432, 16 P.3d 359], the [foreign defendant's] alleged malpractice and misrepresentations regarding the horse's treatment occurred in Colorado. In *Cimmaron*, the [foreign defendant's] conversion and misappropriation of funds occurred in Pennsylvania.

The facts of this case, as alleged, differ from those negative examples. Frontier Adjusters's and Hall & Evans's post-accident adjusting activities form the bases of Nell's claims. Nell alleges that those events occurred in Montana. *See* (Doc. 13-1 at 3). Nell further alleges that Frontier Adjusters and Hall & Evans acted as agents of Auto Owners. (Doc. 13-1 at 3, 8). "A principal is subject to vicarious liability to a third party harmed by an agent's conduct when [. . .] the agent commits a tort when acting with apparent authority in dealing with a third

6

party on or purportedly on behalf of the principal." Restatement (Third) Of Agency § 7.03 (2006).

The accrual of the tort alleged occurred in Montana at the hands of Auto Owners's agents, for whose alleged tortious actions Auto Owners allegedly bears liability. The Court declines to decide whether Nell's Amended Complaint supports a finding of specific personal jurisdiction under either M.R. Civ. P., Rule 4(b)(1)(A) or 4(b)(1)(E). Nell's Amended Complaint satisfies the requirements of Rule 4(b)(1)(B).

## II.    Due Process

Montana law provides three factors to consider when determining whether a court's exercise of personal jurisdiction over a party would comport with due process as required by the Fourteenth Amendment of the United States Constitution: whether "(1) the nonresident defendant purposefully availed itself of the privilege of conducting activities in Montana, thereby invoking Montana's laws; (2) the plaintiff's claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of personal jurisdiction is reasonable." *Groo v. Montana Eleventh Jud. Dist. Ct.*, 2023 MT 193, ¶ 42, 413 Mont. 415, 428, 537 P.3d 111, 121 (quoting *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 2019 MT 115, ¶ 12, 395 Mont. 478, 486, 443 P.3d 407, 413, *aff'd*, 141 S. Ct. 1017, 209 L. Ed. 2d 225 (2021)).

A plaintiff does not have to show that all three factors support the exercise of personal jurisdiction. *Simmons Oil Corp. v. Holly Corp.*, 244 Mont. 75, 85, 796 P.2d 189, 195 (1990). A court may exercise personal jurisdiction over a defendant "who has not purposefully directed its activities toward the forum" if that defendant "has created sufficient contacts to allow the state to exercise personal jurisdiction if such exercise is sufficiently reasonable." *Simmons* at 86 (quoting *Brand v. Menlove Dodge*, 796 F.2d 1070, 1074 (9th Cir. 1986)). A foreign defendant who takes "voluntary action designed to have an effect in the forum" purposely avails itself of the forum. *Id.*

The Montana Supreme Court determined that a foreign defendant purposely availed itself of the laws of Montana when it tagged Montana residents in negative Facebook posts about a specific Montana firm which called for those tagged to cancel their business with the firm. *Groo* at ¶ 43. The *Groo* court concluded that the foreign defendant voluntary took action designed to have an effect in the forum when it "identified and targeted a Montana audience and had the specific intent of inflicting economic pain on a Montana business." *Id.*

Auto Owners argues that its contacts with Montana "result[ed] entirely" from Nell's unilateral activity and, consequently, Auto Owners did not purposely avail itself of the privilege of conducting activities in Montana. *Petrik v. Pub. Serv. Mut. Ins. Co.*, 879 F.2d 682, 684 (9th Cir. 1989); *see* (Doc. 4. at 21.) Nell's act of

8

filing a claim doubtless spurred Auto Owners to act regarding Nell, who lives in Montana. Nell did not force Auto Owners' hand when Auto Owners chose to do business in Montana once Nell appeared on the company's radar screen. Auto Owners could have attempted to adjust Nell's claim from out of state, settle Nell's claim with a check in the mail, or take other arms-length actions that did not involve hiring locals.

Auto Owners voluntarily *hired Montana agents*. Usually, and in this case, when a party hires agents in a forum, that party "should reasonably anticipate being haled into court in" that forum. *Simmons* at 86. The facts in *Groo* may be distilled and rephrased as follows: a foreign party voluntarily sought out Montana proxies or agents and transacted with those proxies with the intent of directing them to cause some consequence to a Montana target. Auto Owners voluntarily sought out its Montana agents and transacted with them with the intent of directing them to cause the investigation and adjustment of claims belonging to Nell, a Montana resident. Nell's Amended Complaint alleges facts sufficient to demonstrate that Auto Owners purposefully availed itself of the privilege of doing in activities in Montana.

As to the second factor, Nell's claims relate to Auto Owners's engagement of its Montana agents because Auto Owners hired its agents to work on Nell's claims. The nexus between, first, the content of the transactions between Auto

Owners and its Montana agents and, second, Nell's rights in the handling of his claims "made it reasonably foreseeable" to Auto Owners that its business with its Montana agents would have an impact on Nell. *Goro* at ¶ 44.

Finally, the Court's exercise of personal jurisdiction over Auto Owners is reasonable. "[A] presumption of reasonableness arises," where, as in this matter, a plaintiff demonstrates the purposeful availment factor, "which the defendant can overcome only by presenting a compelling case that jurisdiction would be unreasonable." *Ford* at ¶ 12. Auto Owners does not meet its burden in this case. Auto Owner admittedly undertook limited purposeful interjection into Montana. Auto Owners has a preexisting relationship with Montana-based lawyers, a Montana forum offers the most efficient resolution of the controversy that centers on Montana statutory application, a Montana forum serves Nell's interest in convenient and effective relief, and other forums prove less convenient given that claims adjusting occurred in Montana. *See Ford* at ¶ 29.

## ORDER

Accordingly, **IT IS ORDERED** that:

1.  Nell's Motion to Amend Complaint (Doc. 13) is **GRANTED**.

2.  Auto Owners's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 3) is **DENIED**.

**DATED** this 1st day of December, 2023.

Brian Morris, Chief District Judge